## Evansville & O. V. Ry. Co. v. La Plante, Welsh & Risacher.

(Decided Feb. 9, 1934.)

WORSHAM & KING for appellant.
VANCE & HEILBRONNER for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

On August 20, 1925, the city of Henderson enacted an ordinance providing for the improvement of a portion of Elm street at the expense of the abutting property owners, directing that the cost of the improvement of the street, between the rails of the street railway company and twelve inches on the outside of each rail, was to be assessed against the company. The work was done under the ten-year plan, as provided by section 3458, Kentucky Statutes, and was duly accepted on November 9, 1925, and the cost apportioned. The railway company owned a line of railway on Elm street, and also owned a lot on the street on which was situated a building used as a depot. It was never granted a franchise by the city, nor did it have a contract with the city. Following the enactment of the ordinance by the city, it executed a written agreement accepting the ten-year plan and agreeing to pay the assessments levied. It paid three assessments and refused to pay any additional assessments. This suit was brought against the railway company on December 8, 1930, by the owner of some of the unpaid improvement bonds issued by the city under the statute to recover the unpaid assessments, with interest and penalty. In its answer and counterclaim the railway company admitted the execution of the agreement accepting the ten-year payment plan, and alleged that it had no franchise or contract with the city requiring it to pay for the improvement between its track and twelve inches on the outside of the rails, and that the execution of the agreement was done under the mistaken opinion that it was legally liable for the assessment and could be forced to pay it. It pleaded lack of consideration for the agreement as to the improvement between its rails and twelve inches on the outside of the rails and prayed judgment against the city for $105.80, which it alleged was the amount paid by it in excess of the amount due by it to the city on account of the assessment against its depot property. The court sustained appellee's demurrer to the answer

and counterclaim, and, upon its refusal to plead further, gave judgment against the railway company. It appeals.

The case turns upon the following provisions of the statute:

"The improvement of public ways and sidewalks [including curbing and guttering], except as hereinafter provided, shall be made at the exclusive cost of the owners of real estate abutting on such improvement, to be apportioned among and assessed upon the lots or parcels of real estate abutting on such improvement according to the number of front or abutting feet, and a tax shall be levied upon such lots or parcels of real estate for the payment of the cost assessed thereon, which tax shall be due and payable at the city treasurer's office upon completion of the work and acceptance thereof by the common council or said board of commissioners, unless otherwise provided in the ordinance ordering such improvement, and no property shall be exempt from such improvement tax. * * *

"When in any such city having therein a street railway, and the railway company is required by its franchise, or by any contract with the city, to pave or improve any part of the streets or alleys of the city, proposed to be improved, the cost of paving such portion of such streets or alleys shall be assessed against such railway company and a tax shall be levied upon all property, assets and franchises of such company in the city for the payment thereof." Section 3450, Ky. Stats.

"The lien provided for in sec. 3450 shall take effect upon the publication of the ordinance making the assessment and levying the tax and shall take precedence over all other liens, whether created prior or subsequent to the publication of such ordinance, except state and county taxes, general municipal taxes and prior improvement taxes, and shall not be defeated or postponed by any private or judicial sale, or by any mortgage or by any error or mistake in the description of the property or in the names thereof. Nor shall any error of the proceedings of the common council or said board of commissioners exempt any property from the lien for or payment of such taxes after the work has been done and accepted as provided in this section;

but the common council or said board of commis-
sioners, or the courts in which suits are pending,
shall make all corrections, rules and orders to do
justice to all parties concerned, and in no event
shall the city be liable for any part of the cost of
such improvement except as provided in sec. 3450.''
Section 3457, Ky. Stats.

"Any property owner who desires to exercise
such privilege of payment by installments, shall, be-
fore the expiration of the said thirty days, enter
into an agreement in writing with the city that in
consideration of such privilege he will make no ob-
jections to any illegality or irregularity with regard
to the taxes against his property, and that he will
pay the same in the manner herein provided with
specified interest.'' Section 3458, Ky. Stats.

Although the railway company had no franchise or
contract with the city requiring it to pay for the im-
provement of the street between its tracks and twelve
inches on the outside of its rails, it duly executed the
agreement to pay the assessment made by the city, and
so secured ten years' time to pay it under the statute
which expressly provided:

"Any property owner entering into such an
agreement, or who exercises the option to pay in in-
stallments, shall be concluded thereby and shall not
be permitted to set up any defense whatever against
the payment of such taxes.'' Section 3458, Ky.
Stats.

"After the issue of such bonds no suit shall
lie to enjoin or resist the collection of any assess-
ment or tax in anticipation of which the bonds are
issued, and the validity of the same shall not be
questioned, but all property owners shall be con-
clusively estopped and precluded from in any man-
ner assailing the effectiveness or validity thereof.''
Section 3459, Ky. Stats.

After the property owners had signed the agree-
ment, the city issued the bonds and sold them. The
bondholders bought the bonds on the credit of the pro-
ceeding. The taxpayers had all the time, from the en-
actment of the ordinance until the bonds were issued, to
learn the facts and look into their rights. The railway
company took no steps here until after the city had

issued the bonds and the rights of innocent third parties had intervened. It was the clear purpose of the statute to prevent such a controversy as this after the bonds were issued. For the statute was intended to enable the city to sell the bonds at a good price. It was incumbent upon every property owner to look into the matter then before the city council took final steps and issued the bonds. This gave everybody a reasonable time to inform himself and protect his rights. The railway company was in no way misled by anybody, it simply failed to inform itself as to its rights and it cannot complain when, by its agreement, it procured the city to issue the bonds and thus secured time to pay the assessment. While the common council may make all corrections, rules, and orders to do justice to all parties concerned, the common council cannot make any such orders affecting the rights of the bondholders after their rights have attached. Under the statute, the railway cannot make the defense here relied on under the facts shown. When time was given appellant to pay the debt, the state had full power to provide on what terms the right might be exercised.

Judgment affirmed.